# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-737V
(Not to be Published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | * | Special Master Corcoran |
| ANTHONY SCLAFANI, | * | |
| | * | Filed: October 11, 2017 |
| Petitioner, | * | |
| | * | Decision; Attorney's Fees and Costs. |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Elaine W. Sharp*, Whitfield Sharp & Hitchcock, Marblehead, MA, for Petitioner.

*Douglas Ross*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On June 22, 2016, Anthony Sclafani filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that the influenza vaccine that he received on December 10, 2014, caused him to suffer from Guillain Barré Syndrome. The parties eventually filed a stipulation for damages on September 22, 2017 (ECF No. 27), which I adopted as my decision on damages on September 28, 2017. ECF No. 30.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decisions inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated September 23, 2017. See ECF No. 29. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $23,573.23 ($21,995.00 in attorney's fees, plus $1,578.23[3] in costs), as well as $710.46 for costs personally incurred by Petitioner. *Id.* at 1. Respondent did not file a response.

As a successful Vaccine Program Petitioner, Mr. Sclafani is entitled to a fees and costs award. I have previously found that Petitioner's present counsel—Elaine Sharp and Randy Hitchcock, Esqs.—are entitled to forum rates. *See Lemaire v. Sec'y of Health & Human Servs.*, No. 13-681V, 2016 WL 5224400 (Fed Cl. Spec. Mstr. Aug. 12, 2016) (awarding Ms. Sharp hourly rates of $380 and $390 for 2015-2016, respectively). In the present request, however, Ms. Sharp billed at an hourly rate of $415 for 2015-2017, significantly above what I awarded in *Lemaire*. The requested rate for Mr. Hitchcock is $375 for 2015-2017.

I will thus apply a reduction for 2015-2016, awarding an hourly consistent with *Lemaire* for Ms. Sharp ($380-$390). For 2017, I will apply the producer price index for lawyers ("PPI-OL") to adjust for inflation, making the 2017 hourly rate for Ms. Sharp $400.[4] This results in a total reduction of $404.00 (requested total $6,640.00- reduced total $6,236.00= $404.00). While I will award Mr. Hitchcock's requested hourly rate of $375 for 2017 work, I will reduce it down consistent with the PPI-OL for 2015-2016, making his rate $358 and $366 per hour, respectively.[5] The total reduction for Mr. Hitchcock is $132.20 (requested total $15,225.00-reduced total $15,100.90=$124.10).

The paralegal rate of $130 is reasonable and will be awarded. In addition, the hours devoted to the matter seem reasonable and will be awarded—with one exception. The billing records indicate that Mr. Hitchcock spent five hours preparing the fees motion, but the text of that billing entry states that four hours were spent on the motion. I will thus award four hours instead of five

---

[3] Neither Petitioner nor Petitioner's counsel originally included a request to be reimbursed for the $400 filing fee. However, after my chambers contacted Petitioner's counsel, he indicated that the filing fee had been paid by Whitfield Sharp & Hitchcock. Ex. 20 at 2. I have accordingly added $400 to the litigation costs sought by Petitioner's counsel.

[4] The special masters have found the PPI-OL to be a persuasive as a measure of inflation. *See OSM Attorneys' Forum Hourly Rate Fee Schedules 2017*, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed Oct. 11, 2017). Ms. Sharp's PPI-OL-inflated rate for 2017 was derived by multiplying Ms. Sharp's 2016 hourly rate ($390) was multiplied by the PPI-OL index for January 2016 (201.8) and then divided by the PPI-OL index for January 2015 (196.8), after rounding to the nearest dollar, the hourly rate for 2017 came to $400.

[5] To apply a reduction based on the PPI-OL, Mr. Hitchcock's 2017 rate ($375) was divided by the rate of change of the PPI-OL between 2016 and 2015 (1.025), which made his 2016 rate $366. That rate was then divided by the difference between the 2015 and 2014 rates (1.0213), making his 2015 rate $358.

amounting to a reduction of $375.[6] The total reduction for attorney's fees is $911.20 ($404 + $132.2 + $375.00 = $911.20)

Finally, I will award all the costs incurred personally by Petitioner ($710.46) and Petitioner's counsel ($1,578.23) as they appear to be reasonable and necessary for the resolution of the case.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding **$22,662.03** in the form of a check payable jointly to Petitioner and Petitioner's counsel, Elaine Sharp, Esq. An award of **$710.46** should be made in the form of a check payable to Petitioner for the costs he personally incurred in the matter. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] I note that even after the reduction, billing four hours to put together a motion—only two pages of which are substantive—seems somewhat overworked, especially in light of the lack of oversight evident from not initially including the filing fee, which is present in every vaccine case.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.